1 | C. Alex Naegele (SBN 255887)
2 | C. ALEX NAEGELE, A PROFESSIONAL LAW CORPORATION
3 | 95 South Market Street, Suite 300
4 | San Jose, CA, 95113
  | Telephone: (408) 995-3224
5 | Facsimile: (408) 890-4645
  | Email: alex@canlawcorp.com

7 | Nancy Weng (SBN 251215)
  | TSAO-WU & YEE, LLP
8 | 31 North 2nd Street, Suite 260
  | San Jose, CA, 95113
9 | Telephone: (415) 777-1688
  | Facsimile: (415) 777-2298
10 | Email: nweng@tsaoyee.com

12 | Attorney for Debtor
   | LAURA GENS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | BK Case No. 15-53562-SLJ |
| LAURA GENS | Chapter 7 |
| Debtor. | ***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME AND SETTING HEARING ON MOTION FOR STAY PENDING APPEAL** |
| | Date:     To Be Set [March 22, 2017 Requested] |
| | Time:     To Be Set [11:00 a.m. Requested] |
| | Location: United States Bankruptcy Court 280 South First Street, Ctrm 3099 San Jose, CA, 95113 |
| | Judge:    Hon. Stephen L. Johnson |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:**

Laura Gens, the debtor herein (the "Debtor"), applies to this Court under B.L.R. 9006-1(c) for an order shortening time for hearing on the *Motion For Stay Pending Appeal* (ECF No. 217) to be heard concurrently with the chapter 7 trustee's (the "Trustee") *Application For Authority To Employ Broker* (ECF No. 199) and in support thereof respectfully states:

**A.   Relief Sought By Application**

1. By this Application, Debtor seeks the entry of an order shortening time so that Debtor's *Motion For Stay Pending Appeal* may be heard on 9 days notice[1] on March 22, 2017 at 11:00 a.m. concurrently with the Trustee's *Application For Authority To Employ Broker.* The *Motion For Stay Pending Appeal* papers have already been served on all ECF filers on March 13, 2017, and notice of hearing will be filed as soon as the Court sets the hearing on the *Motion For Stay Pending Appeal.* This request is submitted along with the Declaration of C. Alex Naegele.

**B.   Summary Of Relief**

2. The Debtor filed for Chapter 11 bankruptcy on November 11, 2015.

3. On February 1, 2017, an order converting the bankruptcy case to a case under chapter 7 was entered (the "Conversion Order").

4. On February 13, 2017, the Debtor appealed the Conversion Order by filing a notice of appeal.

5. The primary purpose of the appeal is to attempt to reorganize and keep the Debtor's primary residence.

6. The Trustee intends to sell the Debtor's primary residence.

7. On March 6, 2017, an order was entered allowing the Trustee to sell and market the Debtor's primary residence.

8. On March 2, 2017, the Trustee filed an *Application For Authority To Employ Broker* to assist the Trustee, to which the Debtor filed a formal opposition on March 13, 2017.

---

[1] All parties opposing the *Motion For Stay Pending Appeal*, namely Wells Fargo and the Chapter 7 Trustee, are ECF filers, and were served with the *Motion For Stay Pending Appeal* papers by the Court's CM/ECF system on March 13, 2017.

1  The hearing on the *Application For Authority To Employ Broker* is currently set for March 22, 2017 at 11:00 a.m.

**C.   Grounds For Order Shortening Time.**

9.   The Debtor's *Motion For Stay Pending Appeal* is premised upon the immediate and irreparable injury that will result if the Trustee is allowed to sell her primary residence, as this will moot her appeal before the district court can render a decision.

10.   While it may be hypothetically possible for the Court to enter an order granting the *Application For Authority To Employ Broker* on March 22, 2017 and setting the *Motion For Stay Pending Appeal* a few business days later, such result is not practical as the broker may list the property for sale, and then be forced to remove the property from the marketplace if the Court grants the *Motion For Stay Pending Appeal*, which is not beneficial for any party involved, as this will likely bring it a lower sales price given the listing and de-listing of the property.

11.   Therefore, from a practical standpoint, it makes more sense from a judicial economy perspective to hear both the *Application For Authority To Employ Broker* and the *Motion For Stay Pending Appeal* on the same day, to prevent inconsistent results which might later be reversed or put on hold.

**D.   Proposed Hearing Schedule**

12.   The Court already set a briefing schedule on the *Application For Authority To Employ Broker* that sets the hearing on this motion at March 22, 2017 at 11:00 a.m.  This Motion proposes setting the hearing on the same day.  However, in the Court's briefing order, the Trustee is to respond by March 17, 2017.  Given that the Trustee may need more time to respond to the *Motion For Stay Pending Appeal*, this Motion proposes setting the opposition to the *Motion For Stay Pending Appeal* on Tuesday, March 21, 2017 by 12:00 p.m., which would give the opposing parties 7 days to prepare a response.

**WHEREFORE**, the Debtor requests that the Court:

1. Schedule a hearing on the *Motion For Stay Pending Appeal* concurrently with the *Application For Authority To Employ Broker* on March 22, 2017 at 11:00 a.m. or as soon thereafter as the Court's calendar permits.
2. Enter and order shortening time for notice of said hearing, and that such notice is deemed adequate if served by the Court's CM/ECF system at least seven (7) days before the hearing.
3. The Court authorize that any written oppositions to the *Motion For Stay Pending Appeal* be filed by Tuesday, March 21, 2017 by 12:00 p.m.
4. That any oral objections to the *Motion For Stay Pending Appeal* may be raised at the hearing.
5. For such other relief as the Court deems appropriate.

Respectfully submitted.

**C. ALEX NAEGELE,**
**A PROFESSIONAL LAW CORPORATION**

Date: March 13, 2017             By: /s/ C. Alex Naegele
                                 C. Alex Naegele
                                 Attorney for Debtor
                                 LAURA GENS