# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **IN RE LAURA GENS,**<br>              **Debtor.** | Case No. 17-cv-01001-BLF<br><br>**ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL**<br><br>[Re: ECF 19] |

Debtor Laura Gens appeals the bankruptcy court's order converting her Chapter 11 case to a Chapter 7 case. *See* Notice of Appeal, ECF 1-1. After unsuccessfully moving for a stay pending appeal in the bankruptcy court, *see* Order Denying Debtor's Motion for Stay Pending Appeal, ECF 20-18, Debtor filed a motion for a stay in this Court with a noticed hearing date of September 28, 2017, *see* Debtor's Motion for Stay, ECF 19. The motion is opposed by secured creditor Wells Fargo Bank, N.A. ("Wells Fargo") and the Chapter 7 Trustee, who joins in Wells Fargo's opposition. *See* Wells Fargo's Opp., ECF 21; Trustee's Joinder in Opp., ECF 25. Because it was concerned that Debtor's home might be sold prior to the noticed hearing date, the Court *sua sponte* reset the hearing date to June 1, 2017. *See* Order Resetting Hearing Date, ECF 31.

At the hearing, the Court clarified that its review of the bankruptcy court's denial of a stay is limited to determining whether the bankruptcy court abused its discretion. After hearing argument, the Court stated its conclusion that the bankruptcy court had applied the correct legal standard; the bankruptcy court's factual findings were adequately supported by the record; and the bankruptcy court's denial of a stay was not an abuse of discretion. The Court stated on the record that it would not grant a stay and advised the parties that it was informing them of its ruling at the

time of the hearing due to time constraints regarding a possible sale of the property and because the Court likely would not be able to issue a written order for several weeks. This written order is intended to explain more fully the Court's reasoning for its denial of Debtor's motion.

**I.  BACKGROUND**

Debtor has filed four bankruptcy cases in the past seven years, which among other things has prevented Wells Fargo from foreclosing on her home. *See* Transcript of BR Proceedings 1/25/2017, ECF 20-23. The bankruptcy court summarized those proceedings at a January 25, 2017 hearing on Wells Fargo's Motion to Dismiss Case or Convert Case to Chapter 7. *See id*. Debtor has had a long-running dispute with Wells Fargo over a loan secured by Debtor's multi-million dollar home in Palo Alto, California. *See id.*

Debtor's first bankruptcy, Case No. 10-br-55305, was filed in May 2010 and dismissed in June 2012 based on the bankruptcy court's determination that Debtor could not file or confirm a plan. Transcript of BR Proceedings 1/25/2017 at 20, ECF 20-23. Her second bankruptcy, Case No. 12-br-56055, was filed in August 2012 and dismissed voluntarily in October 2012. *Id.* Her third bankruptcy, Case No. 13-br-30106, was filed in January 2013 and dismissed in May 2015 when it was reassigned to a new bankruptcy judge with no plan confirmed. *Id.* Her fourth bankruptcy (from which the present appeal arises), Case No. 15-br-53562, was filed in November 2015 and converted to a Chapter 7 case by order dated February 1, 2017. *Id.*; Order Granting Wells Fargo's Motion to Dismiss or Convert Case to Chapter 7, ECF 1-1.

The bankruptcy court concluded that cause existed under 11 U.S.C. § 1112(b) to convert or dismiss the case, and that conversion rather than dismissal was in the best interest of the creditors and the estate. *See* Order Granting Wells Fargo's Motion to Dismiss or Convert Case to Chapter 7, ECF 1-1. On the issue of cause, the bankruptcy court noted on the record that Debtor did not dispute that her Chapter 11 case should be resolved, but instead requested dismissal rather than conversion. Transcript of BR Proceedings 1/25/2017 at 20, ECF 20-23. The bankruptcy court took Debtor's position as a concession that cause existed under § 1112(b). *Id.* at 20-21. Separate and apart from Debtor's concession, the bankruptcy court concluded that cause existed based on Debtor's bad faith in abusing the bankruptcy process, as evidenced by Debtor's submission of

2

fraudulent documents regarding the financial resources of her husband, Timothy Gens; Timothy Gens' refusal to cooperate with Wells Fargo's efforts to take discovery regarding his financial resources; Debtor's overestimation of her own income and underestimation of her expenses; and Debtor's persistence in objecting to Wells Fargo's claim despite an order overruling that objection. *Id.* at 21-30.

On the issue of conversion versus dismissal, the bankruptcy court concluded that conversion was in the best interest of the creditors, because Debtor was a serial filer and likely would simply file a fifth bankruptcy upon dismissal of her fourth case. *Id.* 31-32. The bankruptcy court found that conversion to Chapter 7 would result in all creditors being paid more quickly than if Debtor continued with her efforts to confirm a Chapter 11 plan. *Id.* at 32. Finally, the Court found that requiring Wells Fargo to wait longer for payment would be inherently unfair given Debtor's conduct to date. *Id.* at 33.

Debtor appealed the bankruptcy court's order converting the Chapter 11 case to a Chapter 7 case. She now seeks a stay of that order pending appeal.

## II. LEGAL STANDARD

A motion for a stay pending appeal ordinarily must be brought in the bankruptcy court in the first instance. Fed. R. Bankr. P. 8007(a). If a party moves for such relief in the district court, "[t]he motion must: (A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2).

Where the bankruptcy court has denied a motion for a stay pending appeal, the district court may grant a stay only if it determines that the bankruptcy court's denial was an abuse of discretion. *See In re Wymer,* 5 B.R. 802, 808 (9th Cir. B.A.P. 1980) ("It is . . . important to the properly functioning bankruptcy court that the trial judge's rulings on stays pending appeal be disturbed only in the event of error or abuse of discretion."); *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) ("Where the bankruptcy court has already denied a stay . . . the appellate court's review is limited to a simple determination of whether the bankruptcy court

abused its discretion."). "The abuse of discretion standard on review of the bankruptcy court's order denying a stay encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues." *In re North Plaza*, 395 B.R. at 119.

**III. DISCUSSION**

**A. Debtor Complied With Rule 8007**

Debtor complied with the presentation requirement of Rule 8007, as she moved for a stay in the bankruptcy court before filing her current motion in this Court. Wells Fargo nonetheless argues that Debtor's motion should be denied because Debtor does not set forth the reasons for the bankruptcy court's ruling as required by Rule 8007(b)(2)(B). The Court declines to dispose of Debtor's motion based on that technicality. Debtor has submitted both the transcript of the hearing on Debtor's motion for a stay before the bankruptcy court as well as the bankruptcy court's written ruling denying the stay. *See* Transcript of BR Proceedings 4/5/2017, ECF 20-19; Order Denying Debtor's Motion for Stay Pending Appeal, ECF 20-18. Debtor thus has provided all of the information contemplated by Rule 8007.

**B. The Bankruptcy Court Did Not Abuse Its Discretion In Denying A Stay**

As set forth above, this Court's consideration of Debtor's motion for a stay is limited to determining whether the bankruptcy court's denial of a stay was an abuse of discretion. *See In re Wymer,* 5 B.R. at 808; *In re North Plaza*, 395 B.R. at 119. In making that determination, this Court reviews the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *In re North Plaza*, 395 B.R. at 119.

Before turning to that review, the Court observes that Debtor's briefing demonstrates a misunderstanding regarding the applicable legal standard. Debtor briefed her motion as though presenting a motion for a stay to this Court in the first instance. Thus all of Debtor's arguments focus on asserted errors in the bankruptcy's court's rationale for converting her Chapter 11 case to a Chapter 7 case and injury flowing from those asserted errors. However, the issue presented by Debtor's motion for a stay is not whether the bankruptcy court erred in converting the case, but whether the bankruptcy court abused its discretion in denying Debtor's motion for a stay pending appeal of the conversion order. For the reasons discussed below, this Court concludes that the

4

bankruptcy court did not abuse its discretion in denying a stay.

### 1. The Bankruptcy Court Applied The Correct Legal Standards

In order to conduct a *de novo* review of the bankruptcy court's conclusions of law, this Court must determine the correct legal standards and then decide whether the bankruptcy court applied those legal standards in denying Debtor's motion for a stay.

The Court first addresses the standard applicable to a motion for a stay pending appeal. When considering such a motion, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). The first two factors are the most critical. *Id.* However, "[t]he party moving for a stay has the burden of proof on each of these elements, and the movant's failure to satisfy one prong of the standard dooms the motion." *In re Silva*, No. 9:10-bk-14135-PC, 2015 WL 1259774, at *4 (C.D. Cal. Mar. 17, 2015); *see also In re Rivera*, No. 5:15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("a failure on any one factor dooms the motion") (internal quotation marks and citation omitted).

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (internal quotation marks and citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks, citation, and brackets omitted). The party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 433-34.

The bankruptcy court applied this standard expressly in evaluating Debtor's motion for a stay, citing *Nken* on the record and reciting the four-factor test set forth therein. Transcript of BR Proceedings 4/5/2017 at 5, ECF 20-19. The bankruptcy court indicated that an alternative "sliding scale" test could be used. *Id.* However, the record makes clear that the bankruptcy court did not apply an alternative test, but rather applied the four-factor test articulated in *Nken*. *See id.* at 6-10. Accordingly, the Court concludes that the bankruptcy court applied the correct legal standard

when evaluating Debtor's motion for a stay.

When it applied four-factor test set forth above, the bankruptcy court necessarily determined whether Debtor had shown a strong likelihood of success on the merits of her appeal. In making that determination, the bankruptcy court articulated legal principles relevant to its underlying decision to convert Debtor's case from Chapter 11 to Chapter 7. Most importantly here, the bankruptcy court stated that bad faith can constitute cause to dismiss or convert a case under 11 U.S.C. § 1112(b). *See* Transcript of BR Proceedings 4/5/2017 at 7, ECF 20-19. Debtor challenged that legal conclusion before the bankruptcy court and does so again before this Court, arguing that bad faith is not an adequate ground for dismissal or conversion under § 1112(b). Having conducted a *de novo* review of the relevant legal authorities, the Court concludes that bad faith can constitute cause under § 1112(b). *See In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) ("Although section 1112(b) does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal.").

### 2. The Bankruptcy Court's Factual Findings are not Clearly Erroneous

Having determined that the bankruptcy court applied the correct legal standards, the Court next must determine whether the bankruptcy court's factual findings were clearly erroneous. The bankruptcy court made a number of factual findings which underpinned its denial of a stay, all of which find support in the record. First, the bankruptcy court determined that Debtor could not show a likelihood of success on the merits of her appeal of the order converting her case to Chapter 7 because Debtor had conceded the existence of cause under § 1112(b). *See* Transcript of BR Proceedings 4/5/2017 at 6, ECF 20-19. The factual determination that Debtor conceded cause is supported by the following statement which Debtor submitted to the bankruptcy court: "Debtor respectfully requests that the motion to convert be denied but that the case be dismissed . . . ." Opposition to Wells Fargo Bank's Motion to Dismiss or Convert, Tab 31 at ECF 23. Separate and apart from Debtor's concession, the bankruptcy court found cause based on Debtor's bad faith abuse of the bankruptcy process. *See* Transcript of BR Proceedings 4/5/2017 at 7, ECF 20-19. The factual determination that Debtor acted in bad faith is supported by evidence, summarized by

the bankruptcy court, that Debtor submitted fraudulent documents regarding the financial resources of her husband, Timothy Gens; Timothy Gens refused to cooperate with Wells Fargo's efforts to take discovery regarding his financial resources; Debtor overestimated her own income and underestimated her expenses; and Debtor persisted in objecting to Wells Fargo's claim despite an order overruling that objection. *Id.* at 21-30.

Based on the record before it, the Court concludes that the bankruptcy court's factual findings that Debtor both conceded cause and acted in bad faith are not clearly erroneous. Those factual findings support the bankruptcy court's determination that Debtor failed to show a likelihood of success on the merits. Failure to satisfy even one factor of the four-factor test dooms a motion for a stay. *See In re Silva*, 2015 WL 1259774, at *4; *In re Rivera*, 2015 WL 6847973, at *2. Accordingly, the Court need not reach the other factors to conclude that the bankruptcy court did not abuse its discretion in denying Debtor's motion for a stay pending appeal.

It is apparent that Debtor is desperate to prevent the sale of her home, and to that end she has included numerous and wide-ranging arguments in her current motion for a stay. However, as discussed above, under the applicable legal standards this Court's focus is quite narrow. The Court therefore does not address Debtor's arguments which go beyond the limited scope of this Court's review.

**IV. ORDER**

Debtor's motion for a stay pending appeal is DENIED.

Dated: June 27, 2017

_____
BETH LABSON FREEMAN
United States District Judge

7